## In re BODKIN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. EXECUTORS AND ADMINISTRATORS—INSTRUCTIONS—HEARING—ADJOURNMENT—TERMS.

Where the papers in a proceeding by executors of an estate for instructions showed without dispute that B., one of the executors, individually was entitled to certain money in the hands of the others, it was not error for the surrogate to make an order adjourning the hearing, conditional on the payment of such money to B.

2. SAME—ORDER—AMENDMENT.

Where a conditional order adjourning the hearing of an application for instructions to executors was proper, and was subsequently amended so as to recite that the answer of two of the executors was one of the papers on which it was made, the addition of another clause, reciting that "the order so amended remain in full force and effect," was immaterial.

3. SAME—RECITALS—CONCLUSIVENESS.

Where an order giving instructions to executors recited that it was made after hearing G., attorney for petitioner, K., attorney for appellants, appearing and not opposing, such recital was conclusive, and precluded appellants from attacking the order.

Appeal from Surrogate's Court, Kings County.

Application to the surrogate for instructions by Margaret F. Bodkin, one of the executors of the estate of Dominick G. Bodkin, deceased. From certain orders in favor of petitioner, the other executors appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John R. Kuhn, for appellants.
M. F. McGoldrick, for respondent Margaret F. Bodkin, executrix.

WILLARD BARTLETT, J.   This is a controversy between the executrix and the two executors of the will of Dominick G. Bodkin, deceased.   Upon a petition and affidavit showing that she disagreed with her coexecutors, Martin R. Bodkin and John Griffin, respecting the custody of money and other property belonging to the estate, Margaret F. Bodkin, the executrix, obtained from the surrogate of Kings county an order, under section 2602 of the Code of Civil Procedure, requiring the executors to show cause why the surrogate should not give directions in the premises.   Upon the return of that order, Mr. John R. Kuhn, representing the executors, applied for an adjournment, and the proceeding was duly adjourned by an order dated June 15, 1903.   This is the first order from which the executors appeal.   Of course, they are not entitled to appeal from it so far as it grants the adjournment for which their counsel asked.   It is apparent, however, that their real objection to the order relates to a further provision therein which requires the executors to sign and deliver to Margaret F. Bodkin individually a check drawn to her order for $1,386.18 for rents collected by the executors and deposited to the credit of the estate.   The papers in the proceeding show without dispute that Margaret F. Bodkin individually was entitled to the money represented by this check; and it was entirely proper that the surrogate, in the exercise of his discretion, when asked to adjourn the proceeding, should make the desired adjournment conditional upon the signing and delivery of this check.

The second order sought to be reviewed amends the order of June 15, 1903, by reciting the answer of the executors as one of the papers upon which such first-mentioned order was made.   This amendatory order was granted at the instance of the attorney for the executors, and the only part of which the appellants now complain is a clause at the end providing that "the order so amended remain in full force and effect."   I have already expressed the opinion that the first order was right, and, in any event, this clause added nothing to its force or effect.

The third order attacked by this appeal was made upon the final return of the original order to show cause, and contains several directions as to the manner in which the executrix and her coexecutors shall manage the estate committed to their charge.   The order recites that it is made after hearing M. F. McGoldrick, attorney for the petitioner, in favor of the application, and "John R. Kuhn, Esq., attorney for Martin Bodkin and John Griffin, appearing, and not opposing."   This recital is conclusive upon us in this court, and renders it unnecessary for us to inquire further into the propriety of the order.   The executors cannot successfully attack an order which was made in the presence and with the knowledge of their counsel, without any opposition on his part.   The orders of June 15 and July 27, 1903, should be affirmed, and the appeal from the order of June 26, 1903, should be dismissed.

Orders of June 15 and July 27, 1903, affirmed, and appeal from order of June 26, 1903, dismissed, with $10 costs and disbursements.   All concur.